# Exhibit A

2nd

2 pages

'18 MAR -6 P3:17

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR YAKIMA COUNTY

| | |
|---|---|
| TOPP CREEK FARMS, LLC, a Washington limited liability company,<br><br>            Plaintiff<br><br>vs.<br><br>RURAL COMMUNITY INSURANCE COMPANY a/k/a RURAL COMMUNITY INSURANCE SERVICES, a foreign insurance corporation,<br><br>            Defendant. | NO. **1 8 2 0 0 8 1 7 3 9**<br><br>SUMMONS |

**TO:  RURAL   COMMUNITY   INSURANCE   COMPANY,   a/ka   RURAL COMMUNITY INSURANCE SERVICES**, Defendant

A lawsuit has been started against you in the above-entitled Court by plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within forty (40) days after the service of this Summons upon the Insurance Commissioner, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what

HALVERSON | NORTHWEST P.C.
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

SUMMONS - 1

Exhibit A, Page 8

they ask for because you have not responded.  If you serve a Notice of Appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the Court.  If you do so, the demand must be in writing and must be served upon the plaintiff.  Within fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with the Court, or service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 5th day of March, 2018.

HALVERSON | NORTHWEST Law Group P.C.
Attorneys for Plaintiff

By: _____
J. Jay Carroll, WSBA No. 17424

G:\JJC\TOPP CREEK FARMS, LLC-16775\Div RCTS-07\Pleadings\Summons.docx

HALVERSON | NORTHWEST P.C.
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

SUMMONS - 2

Exhibit A, Page 9

5 pages

'18 MAR -6 P3:17

1
2
3
4
5
6
7
8
9      IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
10                IN AND FOR YAKIMA COUNTY
11
12  | TOPP CREEK FARMS, LLC, a Washington | NO.  1 8 2 0 0 8 1 7 3 9 |
    | limited liability company, | |
13  | | |
14  | Plaintiff | |
15  | | COMPLAINT |
16  | vs. | |
17  | | |
18  | RURAL COMMUNITY INSURANCE | |
19  | COMPANY a/k/a RURAL COMMUNITY | |
    | INSURANCE SERVICES, a foreign | |
20  | insurance corporation, | |
21  | | |
22  | Defendant. | |
23

24       COMES NOW the plaintiff, Topp Creek Farms, LLC ("Topp Creek") and for
25  claim against the defendant Rural Community Insurance Company a/k/a Rural
26  Community Insurance Services alleges as follows:
27
28       1.    Plaintiff Topp Creek Farms, LLC, is and was at all times materials to this
29  action a Washington limited liability company organized and existing under the laws
30  of the state of Washington.  Topp Creek has obtained all licenses and paid all fees in
31  order to be able to maintain this action.
32
33       2.    At all times material hereto, the defendant Rural Community Insurance
34  Company a/k/a Rural Community Insurance Services (hereinafter "RCIS") was and is
35

HALVERSON | NORTHWEST P.C.
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

COMPLAINT - 1

Exhibit A, Page 10

a foreign insurance corporation engaged in the business of insurance. Defendant transacts business in Yakima County, Washington.

3.    Defendant issued policies of insurance under which the plaintiff Topp Creek was a named insured. At the time of the claim of loss that is the subject of this lawsuit, defendant had issued a policy or policies of insurance that were in full force and effect at all times material to the underlying incident which forms the basis for this complaint. The policy or policies of insurance provided first party coverage for claims asserted in this action.

4.    For crop year 2016, Topp Creek applied for and purchased Whole-Farm Revenue Protection (hereinafter "WFRP") coverage from RCIS. Topp Creek provided all documentation requested by RCIS in order to establish coverage levels. Topp Creek timely and fully paid the premium due for this coverage in September 2016. RCIS accepted payment of the premium from Topp Creek.

5.    Topp Creek first gave RCIS notice of its claim of loss under the terms and provisions of the WFRP policy on October 3, 2016. The first written response that was received by Topp Creek from RCIS on this claim was on April 5, 2017. This communication attempted to reduce the applicable coverage down so that the Topp Creek loss would be calculated as $217,110.

6.    On May 18, 2017 RCIS again attempted to reduce coverage levels applicable to its policy of insurance that was purchased by Topp Creek. If that new attempt to change the terms of the policy is accepted, the policy would not provide any coverage for the loss sustained by Topp Creek.

7.    RCIS continued to process the claim and, on August 4, 2017 it issued a written letter which Topp Creek views as the official denial of its claim under the WFRP policy purchased from RCIS.

8.    By its acts and/or omissions, defendant RCIS has breached its obligation to Topp Creek, under the terms of the policy or policies of insurance that Topp Creek purchased from RCIS. As a direct and foreseeable result of this breach, Topp Creek

HALVERSON | NORTHWEST P.C.
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

COMPLAINT - 2

has suffered damages in an amount to be made more definite and certain at the time of trial.

9.    A justiciable controversy exists between the parties hereto within the purview of the provision of RCW 7.24, the Uniform Declaratory Judgment Act. This controversy can be fully resolved by this court through the entry of its judgment declaring the rights, status and liabilities of the parties under the contract of insurance and the facts and circumstances of this case.

10.    The court should enter its judgment herein wholly in favor of the plaintiff Topp Creek declaring, adjudging and decreeing that the policy of insurance obligates the defendant to pay the loss sustained by Topp Creek under the terms of the policy of insurance. The court should further enter judgment against the defendant RCIS for all damages sustained by the plaintiff arising from the defendant's breach of their obligations under the terms of the policy of insurance.

11.    The acts and/or omissions of the defendant RCIS constitute bad faith and are also in violation of the Washington Consumer Protection Act. The plaintiff Topp Creek has been damaged thereby in an amount to be made more definite and certain at the time of trial. Pursuant to RCW 19.86.090, the plaintiff Topp Creek is further entitled to an award of treble damages, as permitted by statute. Plaintiff Topp Creek is further entitled to judgment against defendant RCIS for all attorneys' fees and costs of this action.

12.    The court should further enter judgment herein in plaintiff's favor against the defendant RCIS for the plaintiff's reasonable attorneys' fees along with plaintiff's litigation and related costs and disbursements incurred in pursuing this matter which include, without limitation, all expert witness fees or other litigation costs incurred in this action.

13.    The defendant RCIS has acted unreasonably in denying the claim for coverage, and payment in this case. Plaintiff Topp Creek, through counsel, sent notice to RCIS and the office of the Washington Insurance Commissioner pursuant to RCW48.30.015(8). More than 20 days have elapsed since the provision of this written

HALVERSON | NORTHWEST P.C.
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

COMPLAINT - 3

notice and RCIS has failed to resolve this claim.  Pursuant to RCW 48.30.015, the Court should enter judgment against the defendant RCIS for all loss sustained by the plaintiff herein and should further treble the amount so found and award all costs including reasonable attorneys' fees and all litigation costs against defendant and in favor of the plaintiff.

14.    All such sums that plaintiff Topp Creek seeks in this case are liquidated amounts and plaintiff Topp Creek is also entitled to an award of prejudgment interest at a rate of 12% per annum.

15.    The policy of insurance contains an arbitration clause.  That clause is unenforceable under Washington law and accordingly, this Court has full jurisdiction to hear the matters involved in this dispute.  In the event that defendant RCIS is successful in invoking the arbitration clause, this complaint shall be considered Topp Creeks demand for arbitration.

WHEREFORE, the plaintiff prays for relief as follows:

1.    For judgment against the defendant RCIS declaring that the policy or policies of insurance issued by the defendant obligate it to pay for Topp Creek's loss in an amount to be made more definite and certain at the time of trial;

2.    That plaintiff Topp Creek be awarded judgment against the defendant RCIS for the damages it has sustained in an amount to be made more definite and certain at the time of trial;

3.    That plaintiff Topp Creek be awarded judgment for all damages, in an amount to be made more definite and certain at the time of trial arising from the defendant's bad faith and/or violation of the Consumer Protection Act, including treble damages and attorney fees as allowed by statute;

4.    That the plaintiff Topp Creek be awarded judgment for all damages, in an amount to be made more definite and certain at the time of trial arising from the defendant's unreasonable denial of this claim for coverage and payment in this case, in

HALVERSON | NORTHWEST P.C.
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

COMPLAINT - 4

1  an amount to be made more definite and certain at the time of trial and for treble that
2  amount plus an award of all attorneys' fees and costs including all litigation costs;
3
4       5.    That Topp Creek be awarded judgment for all litigation costs incurred
5  herein including, without limitation, an award of reasonable attorney fees and expert
6  witness fees;
7       6.    That Topp Creek be awarded prejudgment interest, at a rate of 12% per
8  annum, on all sums found due and owing in this action;
9
10      7.    That the Court grant such other and further relief as may be deemed just
11 and equitable.
12
13      DATED this 5th day of March, 2018.
14
15                        HALVERSON | NORTHWEST Law Group P.C.
16                        Attorneys for Plaintiff
17
18
19                        By: _____
20                             J. Jay Carroll, WSBA No. 17424
21
22 G:\JJC\TOPP CREEK FARMS, LLC-16775H\w RC1S-07\Pleadings\Complaint.docx
23
24
25
26
27
28
29
30
31
32
33
34
35

HALVERSON | NORTHWEST P.C.
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

COMPLAINT - 5