FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TOPP CREEK FARMS, LLC, a Washington limited liability company,
Plaintiff,
v.
RURAL COMMUNITY INSURANCE COMPANY a/k/a RURAL COMMUNITY INSURANCE SERVICES, a foreign insurance company,
Defendant.

NO. 1:18-cv-03056-SAB

**ORDER REMANDING CASE**

Before the Court are Defendant's Motion to Dismiss and Compel Arbitration, ECF No. 8, Plaintiff's Motion to Remand, ECF No. 11, and Defendant's Motion to Amend Caption, ECF No. 19. The motions were heard without oral argument. For the reasons stated herein, Plaintiff's motion to remand is granted and Defendant's motions are denied as moot. This case is remanded to the Washington State Superior Court for Yakima County for further proceedings.

On March 6, 2018, Plaintiff filed a complaint in Yakima County Superior Court seeking damages pursuant to an insurance policy issued by Defendant. ECF No. 4-1. A summons and copy of the complaint were mailed to the State of Washington Office of the Insurance Commissioner ("OIC") that same day. ECF No. 12-1 at 2. The OIC accepted service of process on March 9, 2018, and issued a

Certificate of Service upon Defendant on March 12, 2018. ECF No. 4-1 at 10. The OIC sent a copy of the certificate to both Plaintiff's and Defendant's counsel. Plaintiff's counsel received the certificate on March 14, 2018, filed a copy in state court, and emailed the same to counsel for Defendant. ECF No. 12. Defendant likewise received the certificate on March 14, 2018. ECF No. 18. Defendant removed this action on April 10, 2018. ECF No. 1.

An action brought in state court of which the federal courts have original jurisdiction may be removed to the district court of the United States for the district where such action is pending. 28 U.S.C. § 1441(a). 28 U.S.C. § 1446(b)(2)(B) provides that each defendant has thirty days after receipt by or service on that defendant.

The parties concede that diversity jurisdiction exists and that Defendant filed its notice of removal thirty-one days after service upon the OIC, Defendant's statutory agent authorized to accept service on its behalf. Defendant is a foreign insurance company. Wash. Rev. Code § 4.28.080(7)(a) provides that service is made on a foreign insurance company as provided in Wash. Rev. Code § 48.05.200. That provision provides that:

> (1) Each authorized foreign or alien insurer must appoint the commissioner as its attorney to receive service of, and upon whom must be served, all legal process issued against it in this state upon causes of action arising within this state. *Service upon the commissioner as attorney constitutes service upon the insurer.* Service of legal process against the insurer can be had only by service upon the commissioner, except actions upon contractor bonds pursuant to RCW 18.27.040, where service may be upon the department of labor and industries.
>
> (2) With the appointment the insurer must designate by name, email address, and address the person to whom the commissioner must forward legal process so served upon him or her. The insurer may change the person by filing a new designation.

> (3) The insurer must keep the designation, address, and email address filed with the commissioner current.
>
> (4) The appointment of the commissioner as attorney is irrevocable, binds any successor in interest or to the assets or liabilities of the insurer, and remains in effect as long as there is in force in this state any contract made by the insurer or liabilities or duties arising therefrom.
>
> (5) The service of process must be accomplished and processed in the manner prescribed under RCW 48.02.200.

Wash. Rev. Code § 48.05.200 (emphasis added).

In *Costco Wholesale Corporation v. Nationwide Insurance Company*, No. C11-1550RAJ, 2011 WL 13228578 (W.D. Wash. Nov. 29, 2011), the United States District Court for the Western District of Washington held that the removal clock commences when the OIC accepts service of process and forwards a certificate of service to the insurer. *Id.* at *3. In rebuttal, Defendant cites out-of-state and out-of-circuit cases for the proposition that other courts hold that service of process is effective only when the defendant actually receives a copy of the complaint. The Court finds *Costco Wholesale Corporation* applicable in this case. Interpreting Wash. Rev. Code § 48.05.200, the Western District of Washington properly held that "[s]ervice upon the commissioner as attorney constitutes service upon the insurer" for removal purposes. As Defendant concedes, the OIC accepted service on March 9, 2018 and issued a Certificate of Service to Defendant. Defendant did not remove this case until April 10, 2018, thirty-one days after commencement of the removal clock. Accordingly, the Court finds that Defendant's removal was untimely under Washington law and remands this case to Yakima County Superior Court.

//

//

//

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss and Compel Arbitration, ECF No. 8, is **DENIED as moot**.

2. Plaintiff's Motion to Remand, ECF No. 11, is **GRANTED**.

3. Defendant's Motion to Amend Caption, ECF No. 19, is **DENIED as moot**.

4. The above-captioned case is **REMANDED** to Yakima County Superior Court.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** this file.

**DATED** this 11th day of June 2018.



Stanley A. Bastian
United States District Judge